David R. Greifinger, Esq. (SBN 105242)
tracklaw@me.com
Calvin A. Marshall, Esq. (SBN 318587)
calvin@greifingerlaw.com
**LAW OFFICES OF DAVID R. GREIFINGER**
15515 W. Sunset Boulevard, Unit 214
Pacific Palisades, California 90272
Telephone: (424) 330-0193
Facsimile:  (831) 920-4864

John A. Marshall, Esq. (SBN 109557)
john@marshallbusinesslaw.com
**MARSHALL & ASSOCIATES**
26565 W. Agoura Road, Suite 200
Calabasas, CA 91302
Telephone: (818) 617-9337
*Attorneys for Plaintiff, Rodney Houriani*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HOURIANI, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     vs.<br><br>BUCK KNIVES, INC., a Nevada Corporation,<br><br>     Defendant. | Case No. **2:21-cv-01908-DSF-SK**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1.  **VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT [CAL. CIV. CODE §§ 1750,** *et seq.***];**<br>2.  **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAWS [CAL. BUS. & PROF. CODE §§ 17200,** *et seq.***]; and,**<br>3.  **VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAWS [CAL. BUS. & PROF. CODE §§ 17500,** *et seq.***]**<br><br>**DEMAND FOR A JURY TRIAL**<br>Complaint Filed: March 3, 2021<br>Trial Date: None Set |

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.     NATURE OF THE ACTION ...................................................................1

II.    JURISDICTION AND VENUE ............................................................2

III.   THE PARTIES ........................................................................................2

IV.    THE CONDUCT ......................................................................................4

    FIRST CAUSE OF ACTION ...............................................................7

    SECOND CAUSE OF ACTION ........................................................12

    THIRD CAUSE OF ACTION.............................................................13

VI.    RELIEF REQUESTED .......................................................................17

VII.   DEMAND FOR JURY TRIAL...........................................................19

**FIRST AMENDED CLASS ACTION COMPLAINT**

All allegations in this First Amended Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and his counsel. Each allegation has evidentiary support, or is likely to have evidentiary support, after a reasonable opportunity for further investigation and discovery.

## I.     NATURE OF THE ACTION

1.      RODNEY HOURIANI ("HOURIANI" or "Plaintiff") brings claims under the California Consumers Legal Remedy Act ("CLRA"), the California False Advertising Laws, and the California Unfair Competition Laws, against Defendant BUCK KNIVES, INC. ("DEFENDANT").

2.      This action arises from DEFENDANT's advertisement and sale of hunting knife and sheath combinations represented as being entirely or substantially made in the U.S.A. (the "Product") to HOURIANI and a large class of individuals when, in fact, the Product is not entirely or substantially made in the U.S.A.

3.      DEFENDANT advertised, sold, and warranted the Product to Plaintiff and the Class as being entirely or substantially made in the U.S.A. when it was fully aware that the Product is not entirely or substantially made in the U.S.A.

4.      HOURIANI, on his own behalf and on behalf of all those similarly situated (the "Class") has notified DEFENDANT of its unlawful and deceptive marketing and sales practices and demanded that DEFENDANT (a) cease and desist from further deceptive marketing and sales practices with respect to the Product; and (b) give notice to and offer reimbursement to all consumers who purchased the Product. DEFENDANT continues its unlawful and deceptive practices unabated and has provided no remedy to HOURIANI or the Class.

5.      HOURIANI brings this action on behalf of himself and the Class for DEFENDANT's unlawful and deceptive marketing and sales practices in

**FIRST AMENDED CLASS ACTION COMPLAINT**

violation of, among other laws, the CLRA. HOURIANI seeks damages, a refund of monies paid by all members of the Class to purchase the Product, injunctive and declaratory relief, restitution, disgorgement of profits, punitive damages, and attorney's fees and any other relief to which HOURIANI and the Class may be entitled.

## II.    JURISDICTION AND VENUE

6.     The Court has jurisdiction over the Plaintiff's and the Class Members' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, as Plaintiff seeks to represent a class of persons in a matter in controversy which exceeds the sum or value of $5,000,000, exclusive of interest and costs, and members of the class of persons are citizens of a foreign state and Defendant is a citizen of a State.

7.     Venue is proper in the Court pursuant to 28 U.S.C. 1391(b)(1-3) and 28 U.S.C. 1391(c) because: a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California and Defendant is subject to personal jurisdiction in the Central District of California.

## III.    THE PARTIES

**Plaintiff:**

8.     RODNEY HOURIANI ("HOURIANI or "PLAINTIFF") is, and at all material times mentioned was:

        (a)    An individual who resides in the County of Los Angeles, California;

        (b)    Purchased the Product with the expectation that the Product was entirely or substantially made in the U.S.A.;

        (c)    Relied on Defendant's advertisements and / or representations of the Product when purchasing the Product;

        (d)    Received a Product that is not entirely or substantially made in the U.S.A.;

2

(e)  Notified DEFENDANT of the misrepresented and falsely advertised Product and demanded that DEFENDANT (a) cease and desist from further deceptive marketing and sales practices with respect to the Product; and (b) give notice to and offer reimbursement to all consumers who purchased the Product; and

(f)  Did not receive notice from Defendant that it would provide the remedies demanded related to the Product.

**Defendant:**

9.  HOURIANI is informed and believes, and based upon that information and belief alleges, that Defendant BUCK KNIVES, INC. is, and at all times mentioned was:

(a)  A Nevada corporation, headquartered in Kootenai County, Idaho, and conducting business in Los Angeles County, California;

(b)  The manufacturer and distributor of the Product;

(c)  Advertised and made other representations, including via product packaging and website pages, that the Product was entirely or substantially made in the U.S.A.;

(d)  Sold, to Plaintiff and the Class, the Product that was not entirely or substantially made in the U.S.A.;

(e)  Knew that the Product was not entirely or substantially made in the U.S.A.;

(f)  Continues to deceptively market and sell the Product; and

(g)  Did not provide a remedy to HOURIANI or the Class to compensate them for their purchases of the misrepresented and falsely advertised Product.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## IV.  THE CONDUCT

10.  DEFENDANT markets, manufactures and distributes hunting knife and sheath combinations throughout the United States including within California.

11.  HOURIANI purchased the Product at Big 5 Sporting Goods on or about December 6, 2020, for $59.99 plus tax. HOURIANI expected and desired to purchase a knife and sheath that were made in the U.S.A. When purchasing the Product, he relied on the Product's packaging, which on one side includes the American flag graphics and "USA MADE." On the other side of the Product's packaging, a label states "MADE IN U.S.A" The labeling and graphics constituted a representation that the Product was entirely or substantially made in the U.S.A. HOURIANI has also viewed website advertisements that state that the Product is "Made in the USA." The Product's website even depicts the American Flag and "Made in the USA" graphics superimposed over photos of the sheath.

12.  Upon further examination after purchase, after opening the packaging, HOURIANI found a label hidden within the sheath that states "SHEATH MADE IN MEXICO."

13.  DEFENDANT sells the Product for $54.99 on its website and sells the sheath alone for $16.50 on its website.

14.  DEFENDANT's prominent labeling and graphics for the Product constituted a representation that the Product was entirely or substantially made in the U.S.A.

15.  HOURIANI did not receive goods and services that were as advertised and/or as represented. Rather, the Product was not entirely or substantially made in the U.S.A.

16.  Upon information and belief, DEFENDANT had knowledge that it was falsely advertising and/or representing that the Product was entirely or

substantially made in the U.S.A. while the Product is sold in packaging containing a hidden label that states, "SHEATH MADE IN MEXICO."

17.     DEFENDANT has engaged in the unlawful and deceptive practice of advertising and/or representing that goods or services are of a particular source, standard, quality, or grade when they are of another. These representations, which are not accurate, allow DEFENDANT to improperly obtain revenues and profits.

18.     On December 15, 2020, HOURIANI Notified DEFENDANT of the misrepresented and falsely advertised Product and demanded that DEFENDANT (a) cease and desist from further deceptive marketing and sales practices with respect to the Product; and (b) give notice to and offer reimbursement to all consumers who purchased the Product.

19.     DEFENDANT continues to engage in the unlawful and deceptive practice of advertising and/or representing that goods or services are of a particular source, standard, quality, or grade when they are of another. Additionally, DEFENDANT has not provided a remedy to HOURIANI or the Class for their purchases of the misrepresented Product.

## V.     <u>CLASS ALLEGATIONS</u>

20.     Under Federal Rules of Civil Procedure, rule 23(b)(2) and (b)(3) (28 U.S.C.), HOURIANI will seek certification of a Class consisting of:

21.     All persons who purchased a Buck Knives, Inc. hunting knife and sheath combination (the "Product") at any time during the period commencing on the date that is within three (3) years prior to the filing of this Complaint and continuing thereafter (the "Class Period") and received a knife or sheath that was not made in the U.S.A.

22.     This action is properly brought and may be maintained and certified as a class action under Federal Rules of Civil Procedure, rule 23 (28 U.S.C.).

**FIRST AMENDED CLASS ACTION COMPLAINT**

23. **Numerosity (Rule 23(a)(1)):** The Class is so numerous that joinder of all members before this Court as individual Plaintiffs is impracticable. The identity of Class members is ascertainable from various sources including sales records, and/or via notice by publication

24. **Common Questions of Law or Fact (Rule 23(a)(2)):** There are questions of law and fact common to the Class which include but are not limited to:

(a) Whether DEFENDANT deceptively advertised and made other representations, including via product packaging and website pages, that the Product was entirely or substantially made in the U.S.A.;

(b) Whether DEFENDANT sold, to the Class, a Product that was not entirely or substantially made in the U.S.A.;

(c) Whether DEFENDANT knew that the Product was not entirely or substantially made in the U.S.A.;

(d) Whether HOURIANI and the Class relied on DEFENDANT's representations;

(e) Whether DEFENDANT's misrepresentations were material to HOURIANI and the Class;

(f) Whether HOURIANI and the Class have suffered injuries and, if so, an appropriate remedy for those injuries; and,

(g) Whether DEFENDANT continues to deceptively market and sell the Product.

25. **Typicality (Rule 23(a)(3)):** HOURIANI's claims are typical of the claims or of the Class. HOURIANI, like all members of the Class, purchased the Product advertised as being entirely or substantially made in the U.S.A, but which is entirely or substantially or substantially made in the U.S.A. Plaintiff has

**FIRST AMENDED CLASS ACTION COMPLAINT**

suffered damages that are consistent with those suffered by other members of the Class.

26.     **Adequacy (Fed. R. Civ. P. 23(a)(4)):** HOURIANI as a representative party will fairly and adequately protect the interests of the Class. HOURIANI's interests do not conflict with the interests of the Class in any fashion. HOURIANI is represented by attorneys experienced in the litigation of class and representative claims and in the area of consumer-protection litigation.

27.     **Superiority (Rule 23(b)(1)):** Prosecuting separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. Additionally, a class action is superior to individual actions with respect to judicial efficiency. Prosecuting individual actions on behalf of all members of the Class would be burdensome to the Court. Additionally, prosecution of separate actions by members of the Class may not be financially viable, thus discouraging the prosecution of those otherwise viable claims.

## FIRST CAUSE OF ACTION

### FOR VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### [CAL. CIV. CODE §§ 1750, *et seq.*]

### (By HOURIANI, On His Own Behalf And On Behalf Of The Class, And Against DEFENDANT)

28.     HOURIANI repeats and re-alleges Paragraphs 1 through 27, inclusive, of this complaint and they are incorporated herein by this reference.

29.     DEFENDANT'S business practices violated (and continue to violate) the CLRA, codified at California Civil Code sections 1750 through 1784.[1] Section 1770 makes the following conduct illegal:

---

[1] All further undesignated state statutory references are to California state statues.

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

(a)(1) Passing off goods or services as those of another.

(a)(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(a)(4) Using deceptive representations or designations of geographic origin in connection with goods or services.

(a)(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have.

(a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(a)(9) Advertising goods or services with intent not to sell them as advertised.

30.    HOURIANI and all members of the Class are a "consumer," as that term is defined in Civil Code section 1761, subdivision (d) because HOURIANI and the Class purchased the Product for personal, family, or household purposes.

31.    HOURIANI purchased the Product at Big 5 Sporting Goods on or about December 6, 2020, for $59.99 plus tax. HOURIANI expected and desired to purchase a knife and sheath that were made in the U.S.A. When purchasing the Product, he relied on the Product's packaging, which on one side includes the American flag graphics and "USA MADE." On the other side of the Product's packaging, a label states "MADE IN U.S.A" The labeling and graphics constituted a representation that the entirety, or a substantial portion of the Product was made in the U.S.A. HOURIANI has also viewed website advertisements that state that the Product is "Made in the USA." The Product's

**FIRST AMENDED CLASS ACTION COMPLAINT**

website even depicts the American Flag and "Made in the USA" graphics superimposed over photos of the sheath.

32.     Upon further examination after purchase, after opening the packaging, HOURIANI found a label hidden within the sheath that states "SHEATH MADE IN MEXICO."

33.     DEFENDANT sells the Product for $54.99 on its website and sells the sheath alone for $16.50 on its website.

34.     Upon information and belief, DEFENDANT affirmatively misrepresented to HOURIANI and the Class through advertisements, website pages, and product packaging that the Product was entirely or substantially made in the U.S.A.

35.     HOURIANI and the Class did not receive goods and services that were as advertised and/or as represented. Rather, the Product was not entirely or substantially made in the U.S.A.

36.     Upon information and belief, DEFENDANT knew or should have known that it was falsely advertising and/or representing to HOURIANI and the Class that the product was entirely or substantially made in the U.S.A. while the Product was sold with a hidden label that states, "SHEATH MADE IN MEXICO."

37.     On December 15, 2020, HOURIANI notified DEFENDANT of the misrepresented and falsely advertised Product and demanded that DEFENDANT (a) cease and desist from further deceptive marketing and sales practices with respect to the Product; and (b) give notice to and offer reimbursement to all consumers who purchased the Product.

38.     DEFENDANT has engaged in the unlawful and deceptive practice of advertising and/or representing that goods or services are of a particular source, standard, quality, or grade when they are of another. Additionally,

**FIRST AMENDED CLASS ACTION COMPLAINT**

DEFENDANT has not provided a remedy to HOURIANI or the Class for their purchases of the misrepresented and/or falsely advertised Product.

39.     Upon information and belief, DEFENDANT violated the CLRA by passing off the Product as that of another; misrepresenting the source of the Product; using deceptive representations or decisions of geographic origin in connection with the Product; representing the Product has sponsorship, characteristic, ingredients, uses, benefits, or quantities that it does not have; representing that the Product is of a particular standard, quality, or grade when they are of another; and falsely representing/advertising the Product with intent not to sell it as advertised.

40.     Specifically, Plaintiff alleges that DEFENDANT falsely and misleadingly claims, advertises, and/or represents that the Product is entirely or substantially made in the U.S.A. However, the Product is not entirely or substantially made in the U.S.A. The sheath component of the Product is sold in packaging that contains a hidden label stating, "SHEATH MADE IN MEXICO."

41.     **Nature of Falsity**.  DEFENDANT's false and misleading claims, advertisements, and representations violate the CLRA because they: pass off the Product as that of another; misrepresent the source of the Product; use deceptive representations or decisions of geographic origin in connection with the Product; represent that the Product has sponsorship, characteristic, ingredients, uses, benefits, or quantities that it does not have; represent that the Product is of a particular standard, quality, or grade when they are of another; and falsely represent/advertise the Product with intent not to sell it as advertised.

42.     **Reliance**.  HOURIANI and the Class relied on DEFENDANT's claims, advertisements, and / or representations when deciding to purchase the Product. HOURIANI and the Class would not have reason to suspect that the statements contained in DEFENDANT's advertisements, website pages, product packaging, and/or other materials were inaccurate.

**FIRST AMENDED CLASS ACTION COMPLAINT**

43.   **Materiality**.  DEFENDANT's misrepresentations were material to HOURIANI and the Class. Had HOURIANI and the Class known the truth, and that DEFENDANT'S statements and representations about the Product's origins were misleading, deceptive, and unfair, they would have never purchased the Product.

44.   **Injury**. DEFENDANT's actions or omissions injured HOURIANI and the Class.

45.   **Declaration of Venue**.  HOURIANI has attached, as Exhibit 1, an Affidavit of Venue, as required by Civil Code section 1780, subdivision (d).

46.   On December 15, 2020, HOURIANI, by and through counsel, has notified DEFENDANT in writing of the particular violations of the CLRA, and has demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands. A copy of the letter sent to DEFENDANT is attached as Exhibit 2.

47.   Therefore, HOURIANI and the Class request statutory and actual damages, as well as punitive damages, interest and attorneys' fees as authorized by Civil Code section 1780, subdivision (a).

48.   Regardless of an award of damages, however, HOURIANI and the Class seek an Order enjoining DEFENDANT from continuing to engage in the methods, acts, and practices violating CAL. CIV. CODE § 1782(a)(2), as well as costs, attorneys' fees and any other relief which the Court deems proper.

///

///

///

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

**SECOND CAUSE OF ACTION**

**FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAWS**

**[CAL. BUS. & PROF. CODE §§ 17200, *et seq.*]**

**(By HOURIANI, On His Own Behalf And On Behalf Of The Class, And Against DEFENDANT)**

49.     HOURIANI repeats and re-alleges paragraphs 1 through 48, inclusive, of this Complaint and they are incorporated herein by this reference.

50.     DEFENDANT'S business practices violated (and continue to violate) California's Unfair Competition Laws (Bus. & Prof. Code, §§ 17200, et seq.) (

51.     The Business and Professions Code defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. At all relevant times, by and through the conduct described in this complaint, DEFENDANT has engaged in unfair and unlawful practices by advertising and/or representing that the Product in entirely or substantially made in the U.S.A. DEFENDANT has engaged in further unfair and unlawful practices by inducing consumers to buy the Product through its false and deceptive advertising that the Product is entirely or substantially made in the U.S.A.

52.     All of this conduct by DEFENDANT violated Civil Code sections 1750, et seq. and violated Business and Professions Code sections 17200, et seq., and has deprived HOURIANI and the Class of fundamental rights and privileges.

53.     By and through the unfair and unlawful business practices described herein, DEFENDANT has obtained valuable property and/or money from HOURIANI and the Class and has deprived them of valuable rights and benefits guaranteed by law, all to the detriment of HOURIANI and the Class.

54.     All the acts described herein are violations of, among other things, the Civil Code,  are unlawful and in violation of public policy; and in addition, are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair

and unlawful business practices in violation of Business and Professions Code sections 17200, et seq.

55.     HOURIANI and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property that DEFENDANT has acquired, or of which HOURIANI and the Class have been deprived, by means of the above-described unfair and unlawful business practices.

56.     HOURIANI is further entitled to, and does, seek a declaration that the above-described business practices are unfair and unlawful and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of those unfair and unlawful business practices in the future.

57.     HOURIANI and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries that they have suffered as a consequence of the DEFENDANT'S unfair and unlawful business practices. As a result of these unfair and unlawful business practices, HOURIANI and the Class have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these practices. In addition, DEFENDANT should be required to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.

## THIRD CAUSE OF ACTION

### FOR VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAWS
### [CAL. BUS. & PROF. CODE §§ 17500, *et seq.*]
### (By HOURIANI, On His Own Behalf And On Behalf Of The Class, And Against DEFENDANT)

58.     HOURIANI repeats and re-alleges paragraphs 1 through 57, inclusive, of this Complaint and they are incorporated herein by this reference.

**FIRST AMENDED CLASS ACTION COMPLAINT**

59.    DEFENDANT'S business practices violated (and continue to violate) California's False Advertising Laws (Bus. & Prof. Code, 17500, et seq.). Business and Professions Code section 17500 states that:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

60.    DEFENDANT'S business practices specifically violated (and continue to violate) Business and Professions Code section 17533.7, which states:

> (a) It is unlawful for any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America," "U.S.A.," or

14

similar words if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

(b) This section shall not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if all of the articles, units, or parts of the merchandise obtained from outside the United States constitute not more than 5 percent of the final wholesale value of the manufactured product.

(c)

    (1) This section shall not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if both of the following apply:

        (A) The manufacturer of the merchandise shows that it can neither produce the article, unit, or part within the United States nor obtain the article, unit, or part of the merchandise from a domestic source.

        (B) All of the articles, units, or parts of the merchandise obtained from outside the United States constitute not more than 10 percent of the final wholesale value of the manufactured product.

    (2) The determination that the article, unit, or part of the merchandise cannot be made, manufactured, produced, or obtained within the United States from a domestic source shall not be based on the cost of the article, unit, or part.

61. As described in this Complaint, HOURIANI purchased the Product at Big 5 Sporting Goods on or about December 6, 2020, for $59.99 plus tax. HOURIANI expected and desired to purchase a knife and sheath that were made in the U.S.A. When purchasing the Product, he relied on the

15

**FIRST AMENDED CLASS ACTION COMPLAINT**

Product's packaging, which on one side includes the American flag graphics and "USA MADE." On the other side of the Product's packaging, a label states "MADE IN U.S.A" The labeling and graphics constituted a representation that entirety or a substantial portion of the Product was made in the U.S.A. HOURIANI has also viewed website advertisements that state that the Product is "Made in the USA." The Product's website even depicts the American Flag and "Made in the USA" graphics superimposed over photos of the sheath.

62.     Upon further examination after purchase, after opening the packaging, HOURIANI found a label hidden within the sheath that states "SHEATH MADE IN MEXICO."

63.     HOURIANI and the class purchased and continue to purchase the Product because of the inclusion of both the non-folding knife and sheath. The sheath is not an incidental portion of the Product, or incidental to its purchase. HOURIANI purchased the Product for $59.99 plus tax. Buck Knives sells the Product for $54.99 on its website and sells the sheath on its own for $16.50 on its website.

64.     The sheath component of the Product sells for 30 percent of the retail price of the Product (27 percent of HOURIANI's purchase price for the Product). The sheath, which is purportedly handmade of genuine leather, manifestly comprises more than 5 percent of the wholesale value of the manufactured product. Additionally, the sheath could easily be manufactured in the U.S.A.

65.     HOURIANI and the Class relied on DEFENDANT'S claims, advertisements, and/or representations when deciding to purchase the Product. HOURIANI and the Class would not have reason to suspect that the statements contained in DEFENDANT's advertisements, website pages, product packaging, and/or other materials were inaccurate.

66.     DEFENDANT'S misrepresentations were material to HOURIANI and the Class. Had HOURIANI and the Class known the truth, and that

**FIRST AMENDED CLASS ACTION COMPLAINT**

DEFENDANT'S statements were misleading, deceptive, and unfair, they would have never purchased the Product.

67.     DEFENDANT'S actions or omissions injured HOURIANI and the Class.

68.     Therefore, HOURIANI and the Class request civil penalties, restitution, and disgorgement, as authorized by Business and Professions Code sections 17500, et seq.

69.     In addition to damages, and regardless of whether damages are awarded, HOURIANI and the Class seek an order enjoining DEFENDANT from continuing to engage in the methods, acts, and practices violating Business and Professions Code sections 17500, et seq. as well as costs, attorneys' fees and any other relief that the Court deems proper.

## VI.   RELIEF REQUESTED

WHEREFORE, HOURIANI, on his own behalf and on behalf of the Class, prays for judgment against DEFENDANT as follows:

1.     **ON THE FIRST CAUSE OF ACTION**

(a)     For an award of equitable relief as follows:

    **i.** Enjoining DEFENDANT from continuing to engage in the unlawful, unfair, and fraudulent business practices described in this Complaint;

    **ii.** Requiring DEFENDANT to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

    **iii.** Requiring DEFENDANT to disgorge all ill-gotten gains flowing from the conduct described in this Complaint; and

    **iv.** Enjoining DEFENDNT from continuing to provide deceptive invoices.

17

    (b)    For an award of statutory and actual damages, as well as punitive damages, as authorized by the CLRA in Civil Code section 1780, subdivision (a);

    (c)    For the costs to investigate Plaintiff's claims;

    (d)    For an award of attorneys' fees and costs of suit herein, under Civil Code section 1780 and Code of Civil Procedure section 1021.5; and

    (e)    For such other and further relief as the Court may deem just and proper.

**2.**    <u>ON THE SECOND CAUSE OF ACTION:</u>

    (a)    For restitution and disgorgement; and,

    (b)    For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper.

**3.**    <u>ON THE THIRD  CAUSE OF ACTION:</u>

    (a)    For restitution and disgorgement; and,

    (b)    For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper.

**4.**    <u>ON ALL CAUSES OF ACTION:</u>

    (a)    For reasonable attorneys' fees;

    (b)    For costs of suit;

    (c)    For prejudgment interest; and,

    (d)    For other and further relief their court deems just and proper.

**FIRST AMENDED CLASS ACTION COMPLAINT**

Dated: March 25, 2021        **LAW OFFICES OF DAVID R. GREIFINGER**

By: _____
     DAVID R. GREIFINGER
     CALVIN A. MARSHALL
     *Attorneys for Plaintiff*

## VII.   **DEMAND FOR JURY TRIAL**

Plaintiff RODNEY HOURIANI, on his own behalf and on behalf of the Class demands a jury trial on issues triable to a jury.

Dated: March 25, 2021        **LAW OFFICES OF DAVID R. GREIFINGER**

By: _____
     DAVID R. GREIFINGER
     CALVIN A. MARSHALL
     *Attorneys for Plaintiff*

**FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT 1

1  David R. Greifinger, Esq. (SBN 105242)
   tracklaw@me.com
2  Calvin A. Marshall, Esq. (SBN 318587)
   calvin@greifingerlaw.com
3  **LAW OFFICES OF DAVID R. GREIFINGER**
4  15515 W. Sunset Boulevard, Unit 214
   Pacific Palisades, California 90272
5  Telephone: (424) 330-0193
6  Facsimile:  (831) 920-4864

7
8  John A. Marshall, Esq. (SBN 109557)
   john@marshallbusinesslaw.com
9  **MARSHALL & ASSOCIATES**
10 26565 W. Agoura Road, Suite 200
   Calabasas, CA 91302
11 Telephone: (818) 617-9337

12
   *Attorneys for Plaintiff, Rodney Houriani*
13

14

15              **UNITED STATES DISTRICT COURT**
16
               **CENTRAL DISTRICT OF CALIFORNIA**
17

18
   RODNEY HOURIANI, an individual, on | **Case No.**
19 his own behalf and on behalf of all
   others similarly situated,
20                                    | **AFFIDAVIT OF RODNEY**
            Plaintiffs,                 | **HOURIANI REGARDING**
21                                    | **VENUE**
            vs.
22
   BUCK KNIVES, INC., a Nevada
23 Corporation,
24          Defendant.
25

26

27

28

**AFFIDAVIT OF RODNEY HOURIANI REGARDING VENUE**

1      I, Rodney Houriani, declare as follows:

2      1.    I am a Plaintiff in this action, and am a citizen of the State of

3 California.

4      2.    I am personally familiar with the matters stated herein, and if

5 called upon to testify, I could and would testify accordingly.

6      3.    The Complaint in this action, filed concurrently with this

7 Declaration, is filed in the proper place for trial under California Civil Code

8 section 1780, subdivision (d) for the following reasons:

9          a. Defendant BUCK KNIVES, INC. ("DEFENDANT") is a

10          corporation doing business in Los Angeles County, California;

11          b. My purchases of a Buck Knives, Inc. hunting knife and sheath

12          combination (the "Product") from DEFENDANT occurred in Los

13          Angeles County, California.

14      I declare under penalty of perjury under the laws of the State of

15 California that the foregoing is true and correct. Executed on

16 __Feb 28, 2021_____ at Los Angeles, California.

17

18               Respectfully submitted,

19               *Rodney Houriani*

                 Rodney Houriani (Feb 28, 2021 19:49 PST)

20               Rodney Houriani

21

22

23

24

25

26

27

28

**AFFIDAVIT OF RODNEY HOURIANI REGARDING VENUE**

# EXHIBIT 2

*LAW OFFICES OF*

# DAVID R. GREIFINGER

15515 Sunset Blvd., No. 214 • Pacific Palisades, California 90272
Telephone (424) 330-0193 • Facsimile (831) 920-4864 • E-mail: tracklaw@me.com

December 15, 2020

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Buck Knives, Inc.
660 S. Lochsa St.
Post Falls, ID 83854

Buck Knives, Inc.
C/O GKL CORPORATE/SEARCH, INC.
One Capital Mall Ste 660
Sacramento, CA 95814

**Pre-Litigation Demand for Corrective Action (Civ. Code, § 1782) for Violations of California's Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.)**

To Buck Knives, Inc.:

Under Civil Code section 1782, this letter notifies you that Buck Knives, Inc. ("Buck Knives") has committed acts or practices declared unlawful under California's Consumers Legal Remedies Act, codified in California's Civil Code section 1750 et seq. ("CLRA"). We are writing this letter on behalf of our client, Rodney Houriani who purchased a Buck Knives, Inc. "119 Special" hunting knife and sheath (the "Product"). This correspondence is sent in an effort to resolve a dispute prior to litigation.

## A.     Factual Background

Mr. Houriani purchased the Product at Big 5 Sporting Goods on December 6, 2020, for $59.99 plus tax. Mr. Houriani expected to purchase a knife and sheath that were made in the U.S.A. When purchasing the Product, he relied on the Product's packaging, which on one side includes the American flag graphics and "USA MADE." On the other side of the Product's packaging, a label states "MADE IN U.S.A" The labeling and graphics constituted a representation that the entirety of the Product was made in the U.S.A. Upon further examination after purchase, after opening the packaging, Mr. Houriani found a label hidden within the sheath that states "SHEATH MADE IN MEXICO." Mr. Houriani has also viewed website advertisements that state that the Product is "Made in the USA." The Product's website even depicts the American Flag and "Made in the USA" graphics superimposed over photos of the sheath. Buck Knives sells the Product for $54.99 on its website and sells the sheath alone for $16.50 on its website.

Mr. Houriani did not receive goods and services that were as advertised and/or as represented. Rather, the Product is not entirely made in the U.S.A. as represented on the labeling. Buck Knives is engaging in the unlawful and deceptive practice of advertising

and/or representing that goods or services are of a particular source, standard, quality, or grade when they are of another. These representations, which are not accurate, allow Buck Knives to improperly obtain revenues and profits.

**B.     Summary of Violations**

The conduct described above violates several statutory schemes in California. They will be discussed in turn.

**1.     Civil Code section 1770 et seq. (CLRA)**

Buck Knives has engaged and continues to engage in conduct in violating Civil Code section 1770 by deceptively advertising and/or representing that the Product is Made in the U.S.A. Civil Code section 1770, subdivision (a) makes the following conduct illegal:

(1) Passing off goods or services as those of another.

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(4) Using deceptive representations or designations of geographic origin in connection with goods or services.

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have.

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(9) Advertising goods or services with intent not to sell them as advertised.

Buck Knives has violated the above-cited subsections of the CLRA by passing off the Product as that of another; misrepresenting the source of the Product; using deceptive representations or decisions of geographic origin in connection with the Product; representing the Product has sponsorship, characteristic, ingredients, uses, benefits, or quantities that it does not have; representing that the Product is of a particular standard, quality, or grade when they are of another; and falsely representing / advertising the Product with intent not to sell it as advertised.

In particular, the packaging of the Product and the Product website unambiguously advertises the Product as being made in the U.S.A. The Product's packaging includes the American flag graphics and "USA MADE." On the other side of the Product's packaging, a label states "MADE IN U.S.A." The labeling and graphics constitute a representation that the entirety of the Product was made in the U.S.A. The Product's website advertisements state that the Product is "Made in the USA." The Product's website even depicts the American Flag and "Made in the USA" graphics superimposed over photos of the sheath. However, Buck Knives has deceptively and illegally

2

represented that the entirety of the Product is made in the U.S.A, when, in reality, the sheath component of the Product is made in Mexico. The unsuspecting customer only discovers that the sheath is made in Mexico after reading the label hidden within the sheath after purchase.

It is of further note that customers of the Product, including Mr. Houriani, are purchasing the Product because of the inclusion of both the non-folding knife and sheath. The sheath is not an incidental portion of the purchase of the Product.

**2.      Business and Professions Code section 17500, et seq.**

Buck Knives has engaged in, and continues to engage in, conduct that violates Business and Professions Code section 17500 by advertising and/or representing that the entirety of the Product is made in the U.S.A, when it is not. Section 17500 provides:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

Buck Knifes has engaged in, and continues to engage in, conduct that also violates Business and Professions Code section 17533.7 by advertising and/or representing that the entirety of the Product is made in the U.S.A, when it is not:

> (a) It is unlawful for any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America," "U.S.A.," or similar words if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

> (b) This section shall not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if all of the articles, units, or parts of the merchandise obtained

3

from outside the United States constitute not more than 5 percent of the final wholesale value of the manufactured product.

(c)

(1) This section shall not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if both of the following apply:

(A) The manufacturer of the merchandise shows that it can neither produce the article, unit, or part within the United States nor obtain the article, unit, or part of the merchandise from a domestic source.

(B) All of the articles, units, or parts of the merchandise obtained from outside the United States constitute not more than 10 percent of the final wholesale value of the manufactured product.

(2) The determination that the article, unit, or part of the merchandise cannot be made, manufactured, produced, or obtained within the United States from a domestic source shall not be based on the cost of the article, unit, or part.

Buck Knives has violated Business and Professions code sections 17500 and 17533.7 by inducing consumers to buy the Product through its false and deceptive advertising that the entirety of the Product is made in the U.S.A when an article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States. Customers, including Mr. Houriani, are purchasing the Product because of the inclusion of both the non-folding knife and sheath. The sheath is not an incidental portion of the purchase of the Product. Mr. Houriani purchased the Product for $59.99 plus tax. Buck Knives sells the Product for $54.99 on its website and sells the sheath on its own for $16.50 on its website. The sheath therefore sells for 30 percent of the retail price of the Product (27 percent of Mr. Houriani's purchase price for the Product). The sheath, which is purportedly handmade of genuine leather manifestly comprises more than 5 percent of the wholesale value of the manufactured product. Additionally, the sheath could easily be manufactured in the U.S.A.

## C.    Demand for Relief

Mr. Houriani brings these claims on behalf of himself and a class of persons defined as follows:

> **All persons who purchased a knife and sheath combination from Buck Knifes, Inc. during the period of time from three years before the date of this letter to the present.**

Under Civil Code section 1782, our client demands that within 30 days of receiving this letter, Buck Knives:

1. Cease and desist from further deceptive marketing and sales practices with respect to the Product by changing the advertising for and packing of the Product to clearly indicate that it is not made in the U.S.A.; and,

2. Give notice to and offer reimbursement to all consumers who purchased the Product during the three-year period prior to the date of this letter.

Unless Buck Knives takes and completes the action demanded above within 30 days after receipt of this letter, we intend to bring suit for damages under the CLRA and Business and Professions Code on behalf of Mr. Houriani and the Class.

Please contact me at any time if you would like to discuss this matter.

Very Truly Yours,

LAW OFFICES OF DAVID R. GREIFINGER

*David Greifinger*

David Greifinger

5