# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HOURIANI, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BUCK KNIVES, INC., a Nevada Corporation,<br><br>    Defendant. | CV 21-1908 DSF (SKx)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On January 10, 2022, this Court conducted a hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Having considered the Motion and supporting documents, including the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement" or "Settlement") and Notice of Class Action Settlement ("Class Notice"), and **GOOD CAUSE** appearing, **IT IS ORDERED** that the Motion is **GRANTED,** subject to the following findings and orders:

1. This Order incorporates by reference the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Plaintiff's motion papers, the declaration of counsel and exhibits thereto.

3. Based on its review, the Court finds that the settlement is non-collusive, a product of arms'-length negotiations between counsel for Plaintiff and Defendant presided by over by the Hon. Steve Kim, magistrate judge for the United States District Court, Central District of California. The Court finds that the parties' separate negotiation of attorneys' fees, coming after the parties agreed on class relief, also supports a finding of non-collusiveness. In reaching this finding of non-collusiveness, the Court considered "subtle signs" of collusion identified by *In re Bluetooth Headset Prod. Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011). The Court preliminarily finds that a "clear-sailing" provision, which is common in class action settlements, does not affect the settlement benefits to Class Members because attorneys' fees and Class Members' recovery are to be paid directly by Defendant and do not come from a common fund.

4. Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. (28 U.S.C.; see also Rule

23(e)(1)(B)(i).) The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of Hon. Steve Kim; (c) provides relief for the class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (d) treats Class Members equitably relative to each other.

5. The Court further finds, after enhanced scrutiny, that the Court will likely be able to certify the Class for purposes of judgment on the proposal. (See Rule 23(e)(1)(B)(ii).) The Court preliminarily certifies the following Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons ("Class Members") who purchased, in California, at any time from March 1, 2018, to February 17, 2022 ("Class Period") one or more Buck Knives, Inc. knife-sheath combinations that were labeled and marketed as "Made in USA," and which contained an imported sheath, and were purchased as new by Class Members during the Class Period. These knife-sheath combinations include Buck Knives model numbers:

| | | | | | |
|---|---|---|---|---|---|
| 0102BKS | 0103BKS | 0105BKS | 0110BKSLT | 0110BKSLT1WM | 0110BKSNS1 |
| 0110BRS | 0110BRSFG | 0110BRSWM2 | 0112BKS5 | 0112BRS | 0112BRSFG |
| 0113BRS | 0119BKS | 0119BKSWM1 | 0120BKS | 0191BRG | 0192BRS |
| 0500RWS | 0501RWS | 0616BKS | 0656GRS | 0657GRG | 0658GRS |
| 0659GRS | 0660GRG | 0661GRS | 0684BKS | 0685BKG | 0685BKS |
| 0691BKG | 0692BKS | 0808BKX | 0808BRX2 | 0891BKS | 0891BRS1 |
| 0893BKS | 0893BRS1 | | | | |

6. The Court finds that this action is likely to be certified as a class

action, for settlement purposes only, under Rules 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified consists of thousands of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiff are typical of the claims of the Class he seeks to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiff and Class Counsel are adequate representatives of the Class. Defendant retains all rights to assert that the action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. (See *In re Hyundai and Kia Fuel Economy Litigation*, 926 F.3d 539, 556-57 (9th Cir. 2019).

7.  The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendant, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Class Notice.

8.  The Court approves, as to form and content, the proposed Class Notice. The Court directs the emailing and mailing of the Class Notice to known Class Members in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement. The Court orders that notice to unknown class members be made in accordance with the schedule set forth below and the procedures described in the Settlement Agreement. The Court finds that the method selected for communicating the preliminary approval of the Settlement Agreement to Class Members is the best notice practicable under the

circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

9. Plaintiff Rodney Houriani is a suitable class representative and is appointed the Class Representative for the Settlement Class conditionally certified by this Order.

10. The Court appoints the Law Offices of David R. Greifinger and Marshall and Associates as Class Counsel. The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order.

11. The Court approves and appoints Simpluris Class Action Settlement Administration as the Settlement Administrator.

12. The Court approves the California Consumer Protection Foundation as the *cy près* beneficiary.

13. The following dates shall govern for purposes of this Settlement.

| DATE | EVENT |
| --- | --- |
| Not later than 5 business days after the Court enters an order granting preliminary approval of the Settlement. | Last day for Buck Knives to provide the Settlement Administrator with the email address and mailing addresses for each reasonable identifiable class member. (§ IV, ¶ B-1-a.) |
| Not later than 10 calendar days after the Court enters an order granting preliminary approval of the Settlement. | Last day for the Settlement Administrator to establish an Internet website informing Class Members of the terms of this Agreement and their rights, dates, deadlines, and related information. (§ IV, ¶ 4.) |

| | |
|---|---|
| Not later than 14 calendar days after the Court enters an order granting preliminary approval of the Settlement. | Last day for the Settlement Administrator to email the Class Notice to each reasonably identifiable class member. (§ III, ¶ B; § IV, ¶ B-1-b.) |
| Not later than 14 calendar days after the Court enters an order granting preliminary approval of the Settlement. | Last day for the Settlement Administrator to publish the Summary Settlement Notice directed at unknown class members as described in the affidavit of the Settlement Administrator. (§ IV, ¶ B-3.) |
| Not later than 21 calendar days after the Court enters an order granting preliminary approval of the Settlement. | Last day for the Settlement Administrator to mail the Summary Settlement Notice by First Class mail to each reasonably identifiable class member with no valid electronic mail address. (§ III, ¶ B ;§ IV, ¶ B-1-c.) |
| Not later than 35 calendar days after the Court enters an order granting preliminary approval of the Settlement. | Last day for the Settlement Administrator to re-mail the Summary Settlement Notices returned by the United States Postal Service with a forwarding address, received by the Administrator. (§ IV, ¶ B-1-d.) |
| Not later than 35 days prior to the end of the Claim Period). | Last day for Plaintiff to file the Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment and to post the Motion on the Settlement Website. |

| | |
|---|---|
| Not later than 90 days after the Administrator first disseminates the Summary Settlement Notice (the Claim Period). | Last day for Class Members to submit Requests for Exclusion or Objections to the Settlement. (§ II, ¶ 10; § V, ¶ A; § VI, ¶ A.) |
| Not later than 42 days before the Hearing on Final Approval of Class Action Settlement. | Last day for Parties to file a list reflecting all valid requests for exclusion. (§V, ¶ A.) |
| Not later than 30 days before the Hearing on Final Approval of Class Action Settlement. | Last day for Plaintiff to file the Motion for Final Approval of Class Action Settlement |
| August 8, 2022 at 1:30 p.m. | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment |

The Court expressly reserves the right to continue or adjourn the final approval hearing without further notice to the Class Members.

IT IS SO ORDERED.

DATED: February 17, 2022

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE