# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HOURIANI, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>BUCK KNIVES, INC., a Nevada Corporation,<br><br>　　　　Defendant. | Case No. 2:21-cv-01908-DSK-SK<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court having considered the parties' Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), and all papers filed and proceedings had herein,

**IT IS ORDERED THAT:**

1. This Court has subject matter jurisdiction over this action.

2. Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the parties' Settlement Agreement.

3. The Court finds, following a rigorous analysis and for purposes of settlement only, that the following settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23:

> All persons ("Class Members") who purchased, in California, at any time from March 1, 2018, to February 17, 2022 ("Class Period"), one or more Buck Knives, Inc. knife-sheath combinations that were labeled and marketed as "Made in USA," and that contained an imported sheath, and were purchased as new by Class Members during the Class Period. These knife-sheath combinations include Buck Knives model numbers:

| | | | | | |
|---|---|---|---|---|---|
| 0102BKS | 0103BKS | 0105BKS | 0110BKSLT | 0110BKSLT1WM | 0110BKSNS1 |
| 0110BRS | 0110BRSFG | 0110BRSWM2 | 0112BKS5 | 0112BRS | 0112BRSFG |
| 0113BRS | 0119BKS | 0119BKSWM1 | 0120BKS | 0191BRG | 0192BRS |
| 0500RWS | 0501RWS | 0616BKS | 0656GRS | 0657GRG | 0658GRS |
| 0659GRS | 0660GRG | 0661GRS | 0684BKS | 0685BKG | 0685BKS |
| 0691BKG | 0692BKS | 0808BKX | 0808BRX2 | 0891BKS | 0891BRS1 |
| 0893BKS | 0893BRS1 | | | | |

4. The Court finds for settlement purposes that: (a) the Class consists of about 36,082 persons, and joinder of all those persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiff is typical of

the claims of the Class he seeks to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiff and Class Counsel are adequate representatives of the Class. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *In re Hyundai & Kia Fuel Economy Litigation*, 926 F.3d 539, 556-57 (9th Cir. 2019).

5.   Plaintiff is a suitable class representative and is appointed the representative for the Settlement Class. The Court finds Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and his interests are aligned with those of the Settlement Class.

6.   The Court finds the attorneys at the Law Offices of David R. Greifinger and Marshall & Associates have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class, and appoints Law Offices of David R. Greifinger and Marshall & Associates as counsel for the Settlement Class.

7.   The Court finds notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and that the notice given was the best notice practicable under the circumstances, fully satisfied due process, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that the response of the Class Members to the Settlement supports settlement approval. Only 27 Class Members opted out of the Settlement, and no Class Members objected to the Settlement.

8.   The Court finds that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2), is in the best interests of the class, and should be and is fully and finally approved. The Settlement Agreement: (a) results from

efforts by the Class Representative and Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of the Hon. Steve Kim, magistrate judge for the United States District Court, Central District of California; (c) provides relief for the class that is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (d) the settlement treats Class Members equitably relative to each other.

9. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

10. The Court finds the settlement is non-collusive, a product of arm's length negotiations between counsel for Plaintiff and Defendants presided by over by Magistrate Judge Kim. In reaching this finding of non-collusiveness, the Court considered "subtle signs" of collusion identified by *In re Bluetooth Headset Product Liability Litigation* 654 F.3d 935, 947(9th Cir. 2011).

11. The Court approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if

the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

12. The Release set forth in the Settlement Agreement is incorporated in this Order and, as of the Effective Date and by operation of this Order, is binding and effective on all Class Members who have not properly excluded themselves from the Class. The Settlement Agreement, including the full Release that is incorporated, can be found on the Court's publicly available docket at Dkt. No. 29-2.

13. In accordance with section III-E of the Settlement Agreement, Defendant is ordered to act and enjoined as follows:

Buck Knives agrees to implement the following changes to its business practices, which will commence within 10 business days of the Final Settlement Date:

A. Going forward, for all Subject Products produced after the Final Settlement Date, all clam packaging for Subject Products that contain an imported sheath will no longer include the phrase "Made in the USA" on the front of the clam packaging unless such phrase specifically states "Knife Made in the USA." On the back, in clear readable font, the clam packaging will include the following phrase, or words to similar effect, "Imported Sheath" unless and until a change in either federal or California law obviates the need for such clarification. Buck Knives may make any and all stylistic changes to the packaging it desires so long as such changes are in accordance with the principles set forth in this paragraph.

B. Going forward, for all Subject Products produced after the Final Settlement Date, all box packaging for Subject Products that contain an imported sheath will no longer include the phrase "Made in the USA" on the exterior of the box packaging unless such phrase specifically states "Knife Made in USA." On

the back or bottom, in clear readable font, the box packaging will include the following phrase, or words to similar effect, "Imported Sheath" unless and until a change in either federal or California law obviates the need for such clarification. Buck Knives may make any and all stylistic changes to the packaging it desires so long as such changes are in accordance with the principles set forth in this paragraph.

   C. Buck Knives will implement reasonable policies and practices intended to ensure that the modified clam packaging and box packaging is used in all California retail stores.

   D. Going forward, for all Subject Products produced after the Final Settlement Date, Buck Knives agrees that it will maintain its current policy with respect to any "Made in USA" statements on its U.S. ecommerce website. Specifically, (1) all banners saying "Made in USA" or displaying "Made in USA" label must specifically state "Knife Made in USA" or words to similar effect in clear readable font, (2) and all individual product display pages containing a "Made in USA" label or text must specifically state "Knife Made in USA" or words to similar effect in clear readable font and in close proximity to, the rest of the product description and must contain on the display page the phrase "Imported Sheath" or words to similar effect in clear readable font and in close proximity to, the rest of the product description.

   14. Without affecting the finality of this Final Approval Order and the Final Judgment in any way, this Court retains continuing jurisdiction over (a) implementation of the settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

   15. The Court finds that no just reason exists for delay in entering the

1. Final Judgment.
2.     IT IS SO ORDERED.
3.
4.     DATE: \_\_\_\_\_August 8\_\_\_\_\_, 2022
5.                                              *Dale S. Fischer*
6.                                             Hon. Dale S. Fischer
                                            United States District Judge
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.